UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-239-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JUAN JOSE BENTON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 203). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.   **Background**

A federal grand jury charged Defendant by superseding indictment with conspiracy to distribute and possess with the intent to distribute cocaine (Count One); possess with intent to distribute cocaine (Count Two); and possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) (Count Three). (Doc. No. 123). Defendant entered into a plea agreement with the United States and pleaded guilty to the Section 924(c) charge (Count Three). (Doc. Nos. 132, 140). In exchange, the United States dismissed Counts One and Two.

The probation office submitted a presentence report, noting that Defendant had one criminal history point related to prior convictions and a criminal history category of I. (Doc. No. 151). In light of Defendant's conduct and the United States' dismissal of the pending drug offenses, the parties agreed to an elevated punishment range of 84 to 135 months of incarceration.

1

This Court sentenced Defendant to a term of 108 months imprisonment. (Doc. No. 191). Defendant now asks the Court to reduce his sentence under Amendment 821 of the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights

2

covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.    Analysis**

Here, the probation office did not assess Defendant any criminal history points for

3

committing the instant offense while under a criminal justice sentence, rendering him ineligible for reduction under Part A of Amendment 821. And Defendant was assessed more than zero criminal history points, rendering him ineligible for reduction under Part B, Subpart 1, of Amendment 821.[1] Thus, Defendant is not eligible for sentence reduction under Amendment 821 of the Sentencing Guidelines. The Court will therefore deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 203) is **DENIED**.

Signed: February 21, 2024

Max O. Cogburn Jr.
United States District Judge

---

[1] Furthermore, Defendant's Section 924(c) conviction precludes a reduction under Part B because "possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense." See U.S.S.G. § 4C1.1(a)(7).